UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANTOS OROZCO VALLE,<br><br>　　　　Petitioner,<br><br>　v.<br><br>BRUCE SCOTT, Warden, Northwest ICE Processing Center; CAMMILLA WAMSLEY, Director of Enforcement and Removal Operations, Seattle Field Office, Immigration and Customs Enforcement; KRISTI NOEM, Secretary of U.S. Department of Homeland Security; PAMELA BONDI, United States Attorney General,<br><br>　　　　Respondents. | CASE NO. 2:25-cv-02429<br><br>ORDER DENYING PETITIONER'S EX PARTE EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND STAY OF REMOVAL |

　　This matter comes before the Court on Petitioner Santos Orozco Valle's Ex Parte Emergency Motion for Temporary Restraining Order and Stay of Removal. Dkt. No. 2. He asks the Court to enjoin Respondents from removing him from the United States pending resolution of his Petition for Writ of Habeas Corpus. *See* Dkt. No. 1.

ORDER - 1

Petitioner styles his motion as an ex parte request, seeking relief before Respondents have an opportunity to respond. But ex parte relief is extraordinary, and the motion does not address the applicable standard. Federal Rule of Civil Procedure 65(b)(1) permits a court to issue a TRO without notice to the adverse party only if the movant provides "specific facts in an affidavit or a verified complaint" demonstrating "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The movant's attorney must also certify in writing "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). This district's Local Civil Rules reinforce this rule, noting that motions for TROs "without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted." LCR 65(b)(1).

Petitioner's motion does not address this heightened standard. While the motion articulates Petitioner's claims and the traditional TRO factors, it does not explain why relief is necessary before Respondents have an opportunity to respond, nor does it certify any efforts to provide notice or explain why notice should not be required. *See* Fed. R. Civ. P. 65(b)(1). On this record, the Court does not find that Petitioner's case falls within those "very few circumstances justifying the issuance of an ex parte TRO." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006); *see also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (preliminary injunctive relief is an "extraordinary remedy never awarded as of right.").

The Court recognizes that Petitioner raises serious concerns about the prospect of removal to a third country before he can present his claims to this Court. If circumstances warrant immediate relief before Respondents can respond, Petitioner may refile with the certification required by Rule 65(b)(1)(B). Alternatively, Petitioner may proceed under this district's standard TRO procedures, *see* LCR 65(b), which require service on Respondents and provide for an expedited response, *see* LCR 65(b)(5) (requiring response within 48 hours of service).

Accordingly, Petitioner's Ex Parte Emergency Motion for Temporary Restraining Order and Stay of Removal, Dkt. No. 2, is DENIED WITHOUT PREJUDICE.

Dated this 2nd day of December, 2025.

Jamal N. Whitehead
United States District Judge

ORDER - 3